UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN UNTERSHINE AND ANN UNTERSHINE                                          PLAINTIFFS

V.                                                       CIVIL ACTION NO. 1:06cv104-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                             DEFENDANT

## ORDER

This Court entered a separate order on two of Defendant's motions *in limine* which are docketed at [45] and [46]. This order addresses those others filed by Defendant dealing with [44] excluding evidence of or references to any grand jury or government investigation relating to Defendant's response to Hurricane Katrina; [47] precluding the mention of or introduction of evidence concerning motions to change venue filed by Defendant in this or any other cause of action; [48] precluding evidence of or reference to claims for punitive or extra-contractual damages prior to a finding of liability; [49] excluding evidence of any of Defendant's out-of-state conduct; and [51] bifurcation of trial proceedings. Plaintiffs responded to all of these motions.

Taking these motions in somewhat of a reverse order, Plaintiffs do not object to bifurcation of trial with respect to the coverage claim, on the one hand, and the punitive/extra-contractual damages, on the other. They request only that they be allowed to address punitive damages in *voir dire*, which is reasonable. If the jury is given a punitive damages instruction, all counsel will be able to make a separate statement on that issue.

With respect to the motion to preclude evidence of or reference to claims for punitive or extra-contractual damages, Plaintiffs seek a ruling consistent with those made in *Broussard v. State Farm Fire and Casualty Co.*, Civil Action No. 1:06cv6, and *Tejedor v. State Farm Fire and Casualty Co.*, Civil Action No. 1:05cv579, and similar to their position as to bifurcation: that allowance be made for this topic to be mentioned in *voir dire*. This is likewise a reasonable request. Plaintiffs also do not object to the exclusion of evidence of Defendant's out-of-state conduct; to being precluded from mentioning or introducing evidence of motions for change of venue filed by Defendant; or to the exclusion of evidence of or reference to any grand jury or government investigation involving Defendant.

Accordingly, **IT IS ORDERED**:

Defendant's Motions [44], [47], [48], [49], and [51] *in limine* are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments. Plaintiffs may not refer to or introduce evidence regarding any grand jury or government investigation involving Defendant; may not mention or introduce evidence of motions for change of venue filed by Defendant in this

or any other cause of action; and may not introduce evidence or refer to Defendant's out-of-state conduct. Plaintiffs will be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court. The underlying coverage/contractual claim and the entitlement to punitive/extra-contractual damages will be determined in a bifurcated proceeding, with counsel being allowed to make statements at the beginning of each phase.

**SO ORDERED** this the 12th day of February, 2007.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge