UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN UNTERSHINE and ANN UNTERSHINE**                                        **PLAINTIFFS**

**V.**                                                      **CIVIL ACTION NO.1:06CV104 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                          **DEFENDANT**

### MEMORANDUM OPINION ON DEFENDANT'S
### SUPPLEMENTAL MOTION FOR CHANGE OF VENUE

The Court has before it the supplemental motion [71] of Defendant State Farm Fire and Casualty Company (State Farm), pursuant to 28 U.S.C. §1404, for a change of venue. I denied [61] an earlier State Farm motion [30] for a change of venue in this case. The supplemental motion [71] requests an expedited hearing. For the reasons set out below, State Farm's supplemental motion [71] will be denied.

In the aftermath of Hurricane Katrina there are many cases now pending in this Court between the owners of residential property on the Mississippi Gulf Coast and their insurers. Most of these cases involve fact issues of whether there was an accidental direct physical loss of the insured property and whether that loss was caused by wind, which is a covered risk under most homeowners policies, or water, which is a risk excluded by most policies. Some of these cases involve the issue of the insurer's good faith in its claims handling practices.

State Farm contends that the adverse publicity surrounding the adjustment of hurricane loss claims has made it impossible for property insurers to receive a fair trial before a jury drawn from this division of the Southern District of Mississippi. In support of this motion (and its previous motion) State Farm has submitted copies of various newspaper articles and an affidavit reflecting the expert opinion of Kent Tadin (Tadin). Much of the evidence that Tadin relies upon was developed in the context of criminal proceedings, but his findings potentially apply to a civil suit such as the one at bar. State Farm has also submitted a supplemental affidavit and declaration prepared by Dr. Edward J. Bronson along with a compilation of articles drawn from a local newspaper, the *Sun Herald*. These supplemental materials add to the other evidence offered by State Farm by addressing the publicity surrounding the verdict in the first case to be tried to completion, *Broussard v. State Farm Fire and Casualty Company*,1:06CV006 LTS-RHW.

I have re-read the Tadin affidavit, along with its supporting survey and other materials, and I have read the supplemental materials State Farm has submitted, including the affidavit and declaration of Dr. Bronson. I reserved ruling on a substantially similar motion in the *Broussard* case until I had had an opportunity to conduct a voir dire examination to give myself an opportunity to observe the attitude of the venire at first hand.  Based upon my personal observations during the voir dire in the *Broussard* case, I was favorably impressed by the candor of the potential jurors in responding to thorough questioning by the Court and by the parties.  All jurors who disclosed any potential bias, whether in favor of the insured or in favor of State Farm, or who were uncertain that they could decide the case on its merits, based solely on the evidence presented at trial, were excused for cause.  Pre-trial publicity was among the topics I allowed the parties to explore in their voir dire examinations.  I plan to follow this same procedure during the jury selection process in this case.

I have weighed the considerations set out in 28 U.S.C. §1404, and I am mindful of the additional expenses and the great inconvenience that individual plaintiffs would incur if the trial of this action and of similar actions were moved to another division of this district or, as State Farm now requests, to the Northern District of Mississippi.  I am also mindful of both parties' rights to trial by a fair and impartial jury.

In reviewing the evidence offered by State Farm in support of its original motion and in support of its supplemental motion, I have observed that much of the publicity generated by this group of cases in general and the *Broussard* case in particular appears to be essentially neutral and essentially accurate reporting of the facts.  Some of the local publicity has been generated by State Farm deliberately, through interviews with its representatives, and some of the publicity has been generated by State Farm's actions in connection with the Katrina claims.  It is not my perception that the coverage of this matter has been unfair to State Farm or that the coverage has been unbalanced or inaccurate in its account of the facts.

The damage that Katrina left in its wake is a matter of intense public interest both on the Coast, statewide in Mississippi, and throughout the United States.  Hurricane Katrina is, by some accounts, the worst natural disaster in the country's history.  State Farm sold a large number of insurance policies to local residents, and many of its policyholders sustained property damage during the storm.  Recently, State Farm publicly announced that the legal and political environment in Mississippi is such that it has made the business decision not to write new property damage coverage in this state.  State Farm regards the publication of this decision as an example of "adverse publicity" that justifies a change of venue in this case, but it is no more than accurate and truthful reporting of a business decision State Farm has made.  It does not seem to me that accurate and objective reporting of events that State Farm may regard as "adverse publicity" is necessarily a grounds for moving the trial of this case or any of the hundreds of other cases involving State Farm to another venue.

      Moving this case to a distant venue would have the effect of excluding the members of the communities most affected by the events in question from the legal process of resolving the disputes that the events have generated, and unless there is some demonstrable unfairness in having the members of these communities sit as jurors, I do not believe this is required.

      If, after hearing the potential jurors' responses to the voir dire examination of the Court and the parties, I am satisfied that I cannot impanel a fair and impartial jury to try the merits of this lawsuit, I will reconsider my denial of the motion and the supplemental motion for change of venue, but, at this point, I am not satisfied that the factors I am required to consider under 28 U.S.C. §1404 weigh in favor of a change of venue. Accordingly, I will deny the supplemental motion [71] for a change of venue at this time, reserving the right to alter or amend this ruling if subsequent events indicate that the parties cannot receive a fair trial from a jury drawn from this division.

      An appropriate order will be entered.

      Decided this 26th day of February, 2007.

/s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge